DAVID HILL & others *vs.* SELECTMEN OF EASTHAMPTON & others. ·

Hampshire. Sept. 16, 1885. — Jan. 5, 1886. FIELD, C. ALLEN, & GARDNER, JJ., absent.

The Pub. Sts. c. 27, § 11, authorizing a "town" to raise money by taxation "for the purpose of celebrating any centennial anniversary of its incorporation," refer to the act which was the beginning of its corporate existence, whether as a district or as a town.

W. ALLEN, J. This is a petition under the Pub. Sts. *c.* 27, § 129, to restrain the town of Easthampton from the payment of money voted by the town to defray the expenses of celebrating, in the year 1885, the one hundredth anniversary of its incorporation. The Pub. Sts. *c.* 27, § 11, authorize any town to appropriate money "for the purpose of celebrating any centennial anniversary of its incorporation." By the St. of 1785, *c.* 7, Easthampton was incorporated into a district, "with all the powers, privileges, and immunities, that districts in this Commonwealth are entitled to, or do or may enjoy, according to law." By the St. of 1809, *c.* 11, the district of Easthampton was incorporated

into the town of Easthampton, with all the powers, privileges, and immunities to which towns were entitled agreeably to the Constitution and laws. The question presented is, which incorporation was intended by the Pub. Sts. *c.* 27, § 11. An examination of legislation upon the subject affords an easy answer.

The earliest act incorporating a district which we have found is the Prov. St. of 1751–52, (25 Geo. II.) *c.* 14, 3 Prov. Laws, (State ed.) 598, erecting the district of Danvers. The circumstances which led to this act, inaugurating the usage of incorporating districts, and the terms of the act, are important.

Under the Province charter, each town was entitled to at least one representative in the General Court. In 1742, Governor Shirley refused his assent to bills incorporating towns, on account of the increase thereby of the number of representatives. See, on this subject, the notes of the commissioners in 3 Prov. Laws, (State ed.) 69–72, 665, 666, 745; 4 Prov. Laws, (State ed.) 93, 626–629.

The corporate district arose from the necessity to the people of new towns as municipalities, and the refusal of the Crown to assent to their erection as separate constituencies. By the St. of 1751–52, *c.* 14, it was enacted that two parishes in Salem and the inhabitants thereof " be erected into a separate and distinct district by the name of Danvers ; and that said inhabitants shall do the duties that are required and enjoined on other towns, and enjoy all the powers, privileges, and immunities that towns in this Province by law enjoy, except that of separately choosing and sending one or more representatives to represent them at the General Assembly." The form afterwards used in the frequent incorporation of districts under the Charter was, that the territory and its inhabitants were erected into a district and "invested with all the powers, privileges, and immunities that towns are or by law ought to be vested with," — sometimes, " or that towns do or may enjoy," — " that of sending a representative to the General Assembly alone excepted." Subsequently a few towns were incorporated under the Charter, excepting the right of separate representation, and the form of the acts was the same as in the incorporation of districts, except the designation of " town" instead of " district." In the few districts incorporated

since the Constitution, the same form was sometimes used, and sometimes the form of the Easthampton act. The St. of 1761–62, (1 Geo. III.) *c.* 12, 4 Prov. Laws, (State ed.) 468, recited that it had been found expedient to erect districts with the powers of towns, "the privilege of sending a representative to the General Assembly only excepted," &c., and enacted that districts "shall be and hereby are subjected to all the duties which towns, by law, are subjected to, and made liable to all the penalties, for neglect or failure therein, which towns, by law, are liable to, and shall, to all intents and purposes, be considered as towns, the privilege and duty of sending a representative to the General Assembly only excepted."

The St. of 1775 enacted and declared that every exception of the right to send representatives, in any act before passed incorporating any town or district, should be taken to be void, and that every town and district was entitled to separate representation; and that every district incorporated with the rights of a town except the right of choosing a representative, should be held to be a town to all intents and purposes. Anc. Chart. 796.

The Constitution provided, in *c.* 1, art. 2, that every corporate town containing one hundred and fifty ratable polls might elect one representative; and that each town then incorporated, though it did not have that number of polls, might elect one representative; but that no place should thereafter be incorporated with the privilege of electing a representative, unless it contained one hundred and fifty ratable polls.

The St. of 1785, *c.* 75, entitled "An act for regulating towns, setting forth their power, and for the choice of town officers, and for repealing all laws heretofore made for that purpose," made no mention of districts except in § 9, by which all districts incorporated before January 1, 1777, were declared to be towns, and districts incorporated after that time, or which should subsequently be incorporated, were declared subject to the act.

The Rev. Sts. *c.* 15, being the chapter concerning the powers and duties of towns, in § 9 reënacted the provisions of the St. of 1785, *c.* 75, § 9.

The Gen. Sts. *c.* 3, § 7, *cl.* 17, provided that the word "town" might be construed to include cities or districts.

The Constitution, and legislation since its adoption, as well as before, include districts within the designation of towns in regard to matters other than those relating to the right of representation. The Constitution, c. 2, art. 3, provides that the qualified voters within the several towns in the Commonwealth shall vote for Governor in town meeting in presence of the selectmen and town clerk. The justices of this court, in answering in the negative the question whether the inhabitants of unincorporated plantations could vote for Governor, say that the word "town" in this provision of the Constitution includes districts. The justices say: "It was formerly the usage of the Legislature to incorporate the inhabitants of particular places, not only by the name of districts, with all the powers, privileges, and immunities of towns, except the right of choosing a representative, but also by the name of towns, with the same powers, privileges, and immunities, and under the same exception. From the terms of the incorporation, therefore, it appears that districts are towns, with the same officers, but without the right of electing a representative. . . . . For the inhabitants of districts having all the powers, privileges, and immunities of towns, and being by law to be considered as towns, to all intents and purposes, except in the election of a representative, whatever privilege, not within that exception, is vested, by the Constitution, in the inhabitants of towns, may be enjoyed by the inhabitants of districts." *Opinion of Justices*, 3 Mass. 568, 572.

In legislation concerning the municipal rights and duties of towns, districts, when not specially mentioned, were included under the designation of towns. For instance, the highway act (St. 1786, c. 81) named only towns as bound to keep highways in repair, &c.; yet there could have been no doubt that districts were included, even if the St. of 1796, c. 58, had not expressly recognized that construction. So in regard to the selection of jurors, towns only are mentioned until the revision of the acts upon the subject in the St. of 1812, c. 141, in which towns and districts are both named. See Sts. 1784, c. 7; 1802, c. 92; 1807, c. 140.

It is obvious that, under the Constitution, as well as under the Charter, districts were, and were regarded by the Legislature as being, towns without the right of separate representation. If

a place incorporated into a municipality contained one hundred and fifty ratable polls, it was denominated a town, and if less than that number, a district. When a district had acquired the requisite number of polls, the only way in which the Legislature could give it the right of electing a representative was by giving it the denomination of a town by incorporating it as a town. The whole effect of the change was to give to the municipality a corporate right which it did not before have. The fact that this was done by giving to it a new denomination, which involved a grant of the right by the Constitution, was not regarded as destroying the identity of the corporation, any more than would the grant of a new power to a corporation by express legislative enactment. The change of denomination meant only the added right of representation; and the effect and meaning of the change was the same, whether it was accomplished by a general law or by a special act of incorporation.

We think that the town of Easthampton is the same corporate municipality which was established in 1785; and that by its "incorporation" the Legislature intended the act which was the commencement of its corporate existence, and not the act which only effected a change of name and the accession of a corporate right, which was afterwards taken from it, and which it does not now possess.*                     *Petition dismissed.*

*D. Hill*, (*J. A. Wainwright* with him,) for the petitioners.

*W. G. Bassett*, for the respondents.

---

* By the St. of 1785, c. 7, § 4, the inhabitants of the district could join with the town of Northampton in the choice of a representative. Easthampton does not now have the right to elect a representative to the General Court independently, but forms part of a representative district, the other municipalities included in the district being Southampton and Northampton.